**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**


ALVIN EARL DUDLEY                                                                              PLAINTIFF

V.                                            3:09CV00218 SWW

JEREMY BONDS, Detective,
Marked Tree Police Department; and
JERRY FOSTER, Detective,
Trumann Police Department                                                               DEFENDANTS


**ORDER OF DISMISSAL**

Plaintiff, Alvin Earl Dudley, who is confined in the Poinsett County Detention Center, has

filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendants Jeremy Bonds

and Jerry Foster violated his constitutional rights when they arrested him, without reading him his

*Miranda* rights. *See* docket entries #2 and #7.

It is well settled that "the reading of *Miranda* warnings is a procedural safeguard rather than

a right arising out of the Fifth Amendment itself." *Hannon v. Sanner*, 441 F.3d 635, 637 (8th Cir.

2006); *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989). Thus, "the only remedy for

an [alleged] *Miranda* violation is the exclusion from evidence of any compelled self-incrimination,

[and] not a section 1983 action." *Id.* Accordingly, Plaintiff has failed to state a viable § 1983 claim.

 IT IS THEREFORE ORDERED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case is

DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal of this action constitutes a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good

faith.

Dated this 14th day of January, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE